GEORGIA,
Chatham Co.
JAN. 1806.

Clay
vs.
Jackson.

*Minutes of Superior Court, letter F. p. 225.*

JOSEPH CLAY

*vs.*

JAMES JACKSON, Applicant for Letters of Administration on
the estate of Doctor JAMES B. YOUNG and WILSON and
YOUNG, deceased.

CAVEAT.

*Jones*, Judge,

THIS is an appeal by the caveator, *Joseph Clay*, from
the decision of the court of ordinary, made on the 5th day of
November last.

Facts stated :—

Doctor *Young* divorced an estate from his father *William
Young*; to which estate he made additions in his life time.
In 1791, Doctor *Young* intermarried with *Elizabeth Clay*.
In 1800, Doctor *Young* died intestate, leaving a widow and
child. In October, 1801, the child died, under, age, intes-
tate and without issue. Mrs. *Young* the widow, administer-
ed, and, in 1804 died, having first made a will, and appoint-
ed the Reverend Mr. *Clay* her executor. General *Jackson*
claims administration in right of his wife, who is the sister of
Doctor *Young*. The Reverend Mr. *Clay* claims it as the ex-
ecutor and brother of Mrs. *Young*, the widow of Doctor
*Young*. It is contended on the part of General *Jackson*, that
it is not at present of great importance to consider who is
entitled to the estate which Doctor *Young* left; if it was ne-
cessary, it might be contended, that no plenary interest vest-
ed in Mrs. *Young*, or their child at the time of the death of
Doctor *Young*, but in law, may be considered as never vesting
until an actual distribution. Be that, however, as it may,
there is, there must be, a property of Doctor *Young* unad-

GEORGIA,
Chatham Co.
Jan. 1 806.

Clay
vs.
Jackson.

Act 23d Dec.
.1789.

2 Bac. Ab. 385,
386. 11 Viner,
67. 107.

2 Bacon, 386.
3 Dyer, 372. 2
Shower, 399. 1
Vernon, 200.

Dig. 217.

ministered, there are debts to collect, and to pay, which re-quires an administration, *de bonis non.* That General *Jack-son*, in right of his wife, who is next of kin to Doctor *Young*, is entitled to the administration, 1st. By your own statute, passed 23d December, 1789. Dig. 217. And 2d. By the common law. In this view of the subject, two principles, they contended, may be laid down, 1. That the executor of an administration cannot be in that the representative of the first intestate ; to establish this point, see 2 Bacon, Abr. 385, 386. 11 Viner, Ab. 67. 107. 2. That administrator *de bonis non* is to be granted to the next of kin, to the first testator, or intestate, vide 2 Bacon, 386. 3 Dyer, 372. 2 Shower, 399. 1 Vernon, 200. And on the part of Mr. *Clay* it is said, 1st, That the first subject of enquiry is, in whom did the estate of Doctor *Young* vest, on his death, having died intestate. 2. It is contended, that the whole estate, real and personal, vested in his widow and son. 3. That the law settles this point beyond dispute. The words of the act of the 23d December, 1789, are clear and explicit. Dig. 217. That under this law Mrs. *Young* became entitled to one moiety of Doctor *Young's* estate, and her son to the other moiety. That the interest thus vested was an absolute and indefeasible in-terest, both as to the real and personal property. It was no life estate, or estate which ceased on the death of Mrs. *Young.* It was fee as to the land, and an absolute unqualified interest in the personal property, which descended to her represen-tatives, or the legatees under her will. 2. That the child having died shortly after the father, also intestate, and with-out issue, the next question is, who inherits the child's share ? That this point is equally clear under the law. The law gives it to the parent, who was Mrs. *Young.* Dig. 217.

That by the death of the child the whole estate vested in Mrs. *Young*, and was subject to her disposal, to give to whom and as she pleased. That Mrs. *Young* made a will, as she had a right, and her disposition of the property is binding in all courts of justice. Under these circumstances it is enquir-ed, who is entitled to the unadministered estate of Doctor

*Young?* The person entitled to the property ? or the next of kin ? And it is contended, that these points are indisputable, both from reason and upon the authorities. 1. That administration shall be granted to the person entitled to the estate. 2. That administration shall *not* be granted to a person not entitled to the estate, *though* the *nearest of kin*, or possessing most of the blood of the deceased. The person entitled to the estate shall have the administration. The estate of Doctor *Young* having *vested* in Mrs. *Young*, the property on her death passed to her representatives. The same rules to be observed in granting administration as respects the distribution. The law of itself decides the point. Administration follows the right of distribution. General *Jackson* is not entitled to a distributive share, either of Doctor *Young's* estate or of the widow, Mrs. *Young*. Mrs. *Young* succeeded to the estate of Doctor *Young*, and her representatives (not Doctor *Young's*) succeed to the estate. This is also the clear law of England, to which our law adheres very strictly. The persons entitled to the estate shall have the administration, because most interested in taking care of the property. 2 Eq. Ca. Abr. 423. Pl. 5. 425. Pl. 15.

GEORGIA,
Chatham Co.
JAN. 1806.

Clay
vs.
Jackson.

A. makes C. *executor* and *residuary legatee ;* B. also makes C. *executor without the surplus.* C. dies *intestate.* A.'s personal estate shall go to the administrator of C. but B.'s shall go to B.'s *next of kin*, who shall have the administration. 11 Viner, 88 pl. 25. 3. If a son dies *intestate*, the father is entitled to the whole of the personal estate, and to administration, and if the father dies before administration is granted, administration shall be granted to his *representative*, for the estate was an *interest vested ;* for the court regards the property in granting administration. 11 Vin. 88 pl. 25. 1 Calls. Rep. 1. Cutchin *vs.* Wilkinson. This case was decided in the court of appeals in Virginia in 1797, and is an exact resemblance of the case before the court.

2 Eq. Ca. Ab. 423. pl. 5. 425. pl. 15.

11 Viner, 88. pl. 25. 3.

11 Vin. 88 pl. 25. Cutchin vs. Wilkinson. 1 Calls. Rep. 1.

And here administration followed the property, and was granted to the representative of the person *last* entitled, and

GEORGIA,
Chatham Co.
JAN. 1806.

Clay
vs.
Jackson.

3 Mod. 58. Sta.
22 and 23 Car.
Swinb. 224.

2 Bl. 509.

Dig. 217. Sec.1.

not to the next of kin of the *first intestate.* Where a child dies intestate, administration shall be granted to such persons as legally represent the child. A father died intestate leaving a son, who died intestate ; administration shall be granted to the *next of kin to the son,* and not to the next of kin to the father. 3 Modern, 58. For by the stat. 22 and 23 Charles, a *right is vested in the child.* Swinb. 224. 2d. Administration shall not be granted to the next of kin, if not entitled to the estate. Where there is a residuary legatee, administration may be granted to him, in exclusion of the next of kin, if the executor refuses or dies intestate. 2 Bl. 509. The statute of distributions passed 23d December, 1789, "that when any person, holding real and personal estate, shall depart this life intestate, the said estate real and personal shall be considered as altogether of the same nature and upon the same footings. So that in case of there being a widow or children, or child, they shall draw *equal* shares thereof. If the father or mother be alive, and a child dies intestate, and without issue, such father, (or mother, in case the father be dead, and not otherwise,) shall come in on the same footing as a brother or sister would do." Dig. 217. Sec. 1 ; and by the second section of the same statute, it is also declared, " That the same rules shall obtain in regard to the granting letters of administration, or intestate estates as before mentioned, for the distribution thereof; and should any case arise, which is not expressly provided for by this act, respecting intestate estates, the same shall be referred to, and determined by the common law of this land, as it hath stood from the first settlement of this state, except only, that real and personal estate shall always be considered in respect to such distribution as being precisely upon the same footing." The statute is clear and explicit ; and in addition to it, the precedents cited, and the arguments urged by appellant's counsel, are conclusive. They prove, that the person entitled to the estate, is entitled to administration also ; and consequently, that the applicant has no title.

Therefore, it is *considered* and *ordered*, That letters of administration, *de bonis non*, of the estate and effects of the said *James Box Young*, deceased, be granted to the Rev. *Joseph Clay*, on his giving such security as shall be approved by the Court of Ordinary.

GEORGIA,
Chatham Co.
JAN. 1806.

Clay
vs.
Jackson.

*Judgment reversed.*

*Woodruff*, for Appellant.

*Mitchell*, *Bulloch*, and *Harris*, for Respondents.